**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT HANKINS, | ) | |
| Plaintiff | ) | **C.A. No. 12-168 Erie** |
| | ) | |
| v | ) | **District Judge McVerry** |
| | ) | **Magistrate Judge Baxter** |
| C/O WOLF, et al., | ) | |
| Defendants | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

It is respectfully recommended that the motion to dismiss amended complaint filed on

behalf of Defendants Wolf, Sobina, Adams, Wetzel, Smeal, Varner, and Rhodes [ECF No. 39] be

granted. It is further recommended that, pursuant to the authority granted by the Prison Litigation

Reform Act ("PLRA"), Plaintiff's claims against all remaining Defendants be dismissed for

Plaintiff's failure to prosecute, and that this case be dismissed.

**II.      REPORT**

**A**.      **Relevant Procedural and Factual History**

On July 27, 2012, Plaintiff Robert Hankins, an inmate formerly incarcerated at the State

Correctional Institution at Albion, Pennsylvania ("SCI-Albion")[1], initiated this civil rights action

by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff subsequently filed an

amended complaint on September 6, 2013, which is the operative pleading in this case [ECF No.

38]. Named as Defendants are: C/O Wolf, a corrections officer at SCI-Albion ("Wolf"); White,

captain of the security department at SCI-Albion ("White"); Raymond Sobina, former

---

[1] Plaintiff is currently incarcerated at the Federal Correctional Institution at Loretto, Pennsylvania.

Superintendent at SCI-Albion ("Sobina"); Melinda L. Adams, Grievance Coordinator at SCI-Albion ("Adams"); John Wetzel, Secretary of the Pennsylvania Department of Corrections ("Wetzel"); Shirley Moore Smeal ("Smeal"); Dorina Varner, Chief Grievance Coordinator at SCI-Albion ("Varner"); Melissa Hilinski, acting mailroom supervisor at SCI-Albion ("Hilinski"); David A. Kuhn, Hearing Examiner at SCI-Albion ("Kuhn"); C. Meure, Lieutenant in the L-5 housing unit at SCI-Albion ("Meure"); Nancy Giroux, then Deputy Superintendent at SCI-Albion ("Giroux"); Lt. Johnson, L-5 corrections officer at SCI-Albion ("Johnson"); Rhodes, Sergeant of transporting prisoners at SCI-Albion ("Rhodes"); and several unnamed Defendants identified as John/Jane Doe (mailroom supervisor), John/Jane Doe(s) (mailroom staff), John Doe(s) (L-5 officials & staff), John Does (transport officers), and John Doe (Lt. at the facility where Plaintiff was hog-tied).[2]

Plaintiff claims that Defendants have violated his rights under the first, eighth, and fourteenth amendments to the United States Constitution. In particular, Plaintiff alleges two incidents of excessive use of force. Plaintiff first claims that the first incident occurred on March 19, 2010, when Defendant Wolf allegedly closed Plaintiff's hands in the food aperture of his cell door, after which he issued Plaintiff a false misconduct "to cover his actions." (ECF No. 38, Amended Complaint, at Section IV.C and p. 6, ¶¶ 8-11). The second incident occurred on April 12, 2010, when Defendant Rhodes allegedly slammed Plaintiff's face down on the floor of a transportation bus, hog-tied him and left him on the floor, and then drove recklessly with deliberate indifference to Plaintiff's health and safety. (ECF No. 38, Amended Complaint, at pp.

---

[2] The only Defendants who have been served in this case are Defendants Wolf, Sobina, Adams, Wetzel, Smeal, Varner, and Rhodes. None of the other Defendants has been served, nor is any represented by counsel in this matter.

8-10, ¶¶ 24-35). Plaintiff alleges further that Rhodes then issued him a false misconduct for spitting on the transport bus. (Id. at p. 11, ¶¶ 39-40).

In addition to the foregoing incidents, Plaintiff claims that Defendant Kuhn acted as hearing examiner with regard to the misconduct issued by Defendant Rhodes and violated Plaintiff's due process rights by denying him witnesses, even though he apparently dismissed the misconduct without prejudice. (Id. at pp. 11-13, ¶¶ 41-45, 49-53). Plaintiff also claims that Defendants White, Adams, Sobina, Varner, Smeal, and Wetzel were aware of the alleged "custom and practice" of how complaints are handled in favor of staff, especially regarding assault claims, yet did nothing to correct the problem. (Id. at pp. 5-6, 12-14, ¶¶ 2-7, 46-48, 56-59). Finally, Plaintiff complains that, between October 2007 and May 2012, the mailroom staff mishandled and tampered with his mail, and that Defendants Adams, Sobina, Hilinski, Meure, Giroux, White, Johnson, Wetzel, Smeal, and Varner were all made aware of the mail problems but did nothing to correct them. (Id. at pp. 6-8, 10-11, 13-15, ¶¶ 12-23, 36-38, 56-66). As relief for his claims, Plaintiff seeks injunctive relief and monetary damages.

On September 18, 2013, Defendants Wolf, Sobina, Adams, Wetzel, Smeal, Varner, and Rhodes filed a motion to dismiss amended complaint [ECF No. 39], arguing that Plaintiff's excessive use of force claims against Defendants Wolf and Rhodes are barred by the applicable statute of limitations, and Plaintiff has failed to allege the personal involvement of Defendants Adams, Sobina, Varner, Smeal, and Wetzel. Plaintiff has since filed a brief in opposition to Defendants' motion. [ECF No. 58]. This matter is now ripe for consideration.

**B.     Standards of Review**

**1.     Motion to Dismiss**

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true.  Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead

'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit Court has prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).


### 2.   *Pro Se* **Pleadings**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a

complaint in favor of the complainant. <u>Gibbs v. Roman</u>, 116 F.3d 83 (3d Cir.1997)(overruled on other grounds). <u>See, e.g.</u>, <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); <u>Markowitz v. Northeast Land Company</u>, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C.   Discussion

#### 1.   Statute of Limitations

The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims to determine the applicable limitations period. <u>Sameric Corp. Del., Inc. v. City of Philadelphia</u>, 142 F.3d 582 (3d Cir. 1998) (internal citations omitted). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in determining that a § 1983 claim must be filed no later than two years from the date the cause of action accrued. <u>See</u> <u>Lake v. Arnold</u>, 232 F.2d 360, 368 (3d Cir. 2000); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451 (3d Cir. 1996). Furthermore, a claim under § 1983 accrues when the plaintiff "knew or should have known of the injury upon which [his] claim is based." <u>Sameric</u>, 142 F.3d at 599.

Here, Plaintiff's original complaint was received by this Court on July 27, 2012; however, the complaint was apparently signed by Plaintiff on July 22, 2012. (<u>See</u> ECF No. 8, Complaint). Thus, for purposes of applying the statute of limitations, this Court will treat July 22, 2012, as the relevant filing date pursuant to the prison mailbox rule. See <u>Commonwealth v. Castro</u>, 766 A.2d

1283, 1287 (Pa.Super. 2001), citing Commonwealth v. Little, 716 A.2d 1287 (Pa.Super. 1998) (in determining the date upon which a prisoner's pleading is filed, Pennsylvania applies the prison mailbox rule, which provides that the "date of delivery of [the pleading] by the [inmate] to the proper prison authority or to a prison mailbox is considered the date of filing of the [pleading]"). Accordingly, any claim concerning an injury of which Plaintiff "knew or should have known" prior to July 22, 2010, is barred by the statute of limitations.

It is plain from the allegations of Plaintiff's complaint that the alleged incidents of excessive use of force occurred on March 19, 2010, and April 12, 2010, and are, thus, beyond the reach of the statute of limitations. Nonetheless, Plaintiff argues that the limitations period should be considered equitably tolled during the period of time he spent exhausting the administrative grievance process. (ECF No. 58 at p. 4). Accordingly, Plaintiff contends that, since his final grievance review response was not received until July 26, 2010, the filing of this action on July 22, 2012 was within the two-year statutory time period.

In making this argument, however, Plaintiff correctly acknowledges that the Third Circuit has not yet addressed the question of whether exhaustion can serve as a basis for equitably tolling the statute of limitations. See Adderly v. Ferrier, 419 Fed. Appx. 135, 137 (3d Cir. 2011). Although Plaintiff cites a number of decisions from both the Eastern and Middle District Courts in this Circuit that apparently support his position, Defendants direct this Court's attention to a series of recent cases in this District that compel a contrary conclusion. See, e.g., Pearson v. Beard et al., 2013 WL 793594, R&R adopted in 2013 WL 842522 (W.D.Pa. Mar. 4, 2013); Vantassel v. Rozum et al., 2009 WL 1833601 (W.D.Pa. June 25, 2009) (holding that "[t]he limitations period for an inmate's civil claim does not run from the date of exhaustion of

administrative remedies, nor is it tolled while remedies are being exhausted, even though exhaustion of those administrative remedies as mandatory").

As noted by the Court in <u>Pearson</u>, the Supreme Court has held that federal law's adoption of a relevant state's statute of limitations also requires the adoption of that state's law with respect to tolling of the limitations period. <u>Hardin v. Straub</u>, 490 U.S. 536, 538-544 (1989). The <u>Pearson</u> Court thus noted that "Pennsylvania does not allow equitable tolling as a means by which federal courts can expand a statutory limitations period," absent a showing that defendants "deliberately manipulated the grievance process to run out the limitations period." <u>Pearson</u> at *2, <u>citing</u> <u>Webb v. Perkiomen School</u>, 349 Fed. Appx. 675 (3d Cir. 2009).

In this case, there is no showing that Defendants impeded Plaintiff's ability to timely exhaust his administrative remedies. Indeed, Plaintiff was able to complete the administrative remedy process within a little more than four months after the first incident cited in his complaint, which left him ample time to file a complaint before the expiration of the two-year statute of limitations. There is simply no equitable basis upon which Plaintiff may rest a claim that he was unable to timely file his complaint. Thus, Plaintiff's excessive use of force claims arising from the incidents that allegedly occurred on March 19, 2010 and April 12, 2010, should be dismissed as untimely, and Defendants Wolf and Rhodes should be terminated from this case.


## 2. **Personal Involvement**

The remaining claims against the only other Defendants who have been served in this case, Defendants Adams, Sobina, Varner, Smeal and Wetzel, allege that each of said Defendants, in his or her supervisory capacity, was made aware of the prevailing "custom and practice" of

how inmate assault claims are handled in favor of staff, and of the ongoing problem with the mishandling of his mail, yet none of them did anything to correct the problems.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. <u>Chinchello v. Fenton</u>, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." <u>Id</u>. <u>quoting</u> <u>Brown v. Grabowski</u>, 922 F.2d 1097, 1120 (3d Cir. 1990), <u>cert</u>. <u>denied</u>, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. <u>Rode v. Dellarciprete</u>, 845 F.2d 1958, 1207 (3d Cir. 1988). If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official. <u>Rode</u>, 845 F.2d at 1208; <u>Cooper v. Beard</u>, 2006 WL 3208783 at * 14 (E.D.Pa. Nov. 2, 2006).

Here, there is no allegation that any of the supervisory Defendants was, in any way, directly responsible for the conduct at issue. Instead, Plaintiff merely alleges that he wrote letters and/or request slips to each Defendant regarding the problems he was experiencing, yet each failed to take action to rectify the problems. (ECF No. 38, Amended Complaint, at ¶¶ 6, 20, 36-38, 46, 56-57, 61-62). Such allegations are insufficient to impose liability upon any of these Defendants. Accordingly, Plaintiff's claims against Defendants Adams, Sobina, Varner, Smeal and Wetzel, should be dismissed.

**3.** **Prison Litigation Reform Act**

The Prison Litigation Reform Act provides that:

> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted;  or  (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A. Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997) ("Under provisions of the Prison Litigation Reform Act codified at  28 U.S.C. §§ 1915A, 1915(e) and  42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. See 28 U.S.C. §1915(e)(2)[3]. Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language. See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."). In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to

---

[3]

Title 28 U.S.C. §1915(e)(2) provides:  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'").

As noted earlier, the following Defendants were never served in this case, in contravention of this Court's orders, and none of them has had an attorney enter an appearance on his or her behalf: White, Hilinski, Johnson, Kuhn, Meure, Giroux, and unnamed Defendants "John/Jane Doe (mailroom supervisor)," "John/Jane Doe(s) (mailroom staff)," John Doe(s) (L-5 officials & staff)," "John Does (transport officers)," and "John Doe (Lt. at the facility where Plaintiff was hog-tied)." As a result, these Defendants should be dismissed from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as they were not served within 120 days of the date(s) they were named as Defendants in this case.

## III.    **CONCLUSION**

For the foregoing reasons, it is respectfully recommended that the motion to dismiss amended complaint filed on behalf of Defendants Wolf, Sobina, Adams, Wetzel, Smeal, Varner, and Rhodes [ECF No. 39] be granted. It is further recommended that, pursuant to the authority granted by the Prison Litigation Reform Act ("PLRA"), Plaintiff's claims against all remaining Defendants be dismissed for Plaintiff's failure to prosecute, and that this case be dismissed in its entirety.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).


                                                    /s/ Susan Paradise Baxter
                                                    SUSAN PARADISE BAXTER
                                                    United States Magistrate Judge

Dated: May 22, 2014

cc:     The Honorable Terrence F. McVerry
        United States District Judge