IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT HANKINS, )
    Plaintiff, ) C.A. No. 12-168 Erie
)
v. )
) District Judge McVerry
CO WOLF, et al., ) Magistrate Judge Baxter
    Defendants. )

# MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I. RECOMMENDATION

It is respectfully recommended that Plaintiff's motions for preliminary injunction [ECF Nos. 69 and 82] be denied for lack of personal jurisdiction over the persons that Plaintiff seeks to enjoin.

## II. REPORT

Plaintiff initiated this action on July 27, 2012, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against multiple employees of the Pennsylvania Department of Corrections, most of whom are employed at the State Correctional Institution at Albion, Pennsylvania. Plaintiff is now incarcerated at the State Correctional Institution at Camp Hill, Pennsylvania ("SCI-Camp Hill"), which is within the jurisdiction of the United States District Court for the Middle District of Pennsylvania.

Presently pending before this Court are Plaintiff's motions for preliminary injunction [ECF Nos. 69 and 82], in which Plaintiff complains of actions allegedly taken by officials at SCI-Camp Hill. In particular, Plaintiff claims that the property officer, C/O Huber, has been blocking Plaintiff's access to his legal and personal property. In addition, Plaintiff alleges that he has been deprived of meals, denied law library privileges, assessed false misconducts, and assaulted and slandered by staff. As a result, Plaintiff seeks injunctive relief to stop officials at

1

SCI-Camp Hill from harassing and retaliating against him.

Significantly, none of the officials in Plaintiff's motions are Defendants in this case. Thus, Plaintiff is asking this Court to enjoin the actions of individuals who are not parties to this proceeding and who do not live or work within the Court's jurisdictional limits. However, this Court has no authority over the institution where Plaintiff is incarcerated (located within the Middle District of Pennsylvania) and no personal jurisdiction over the individuals working there. Accordingly, Plaintiff's motions for preliminary injunction [ECF Nos. 69 and 82] should be denied. If Plaintiff wishes to obtain injunctive relief against these individuals, he may do so by filing a separate action in the Middle District, or by requesting injunctive relief in an existing action Plaintiff has pending in the Middle District.

In accordance with the Federal Magistrates Act, 28 U.S.C. ' 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

        s/Susan Paradise Baxter
        SUSAN PARADISE BAXTER
        United States Magistrate Judge

Dated: December 19, 2014

cc: The Honorable Terrence F. McVerry
    United States District Judge