IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT HANKINS, <br>     Plaintiff | ) <br> ) <br> ) | C.A. No. 12-168 Erie |
| v | ) <br> ) <br> ) | District Judge McVerry <br> Magistrate Judge Baxter |
| C/O WOLF, et al., <br>     Defendants | ) <br> ) | |

# MAGISTRATE JUDGE'S

# REVISED REPORT AND RECOMMENDATION

## I.  RECOMMENDATION

It is respectfully recommended that the motion to dismiss amended complaint filed on behalf of Defendants Wolf, Sobina, Adams, Wetzel, Smeal, Varner, and Rhoads [ECF No. 39] be denied as to Plaintiff's claims against Defendant Wolf, but granted in all other respects. It is further recommended that, pursuant to the authority granted by the Prison Litigation Reform Act ("PLRA"), Plaintiff's claims against all remaining Defendants be dismissed for Plaintiff's failure to prosecute.

## II.  REPORT

### A.  Relevant Procedural and Factual History

On July 27, 2012, Plaintiff Robert Hankins, an inmate formerly incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion")[1], initiated this civil rights action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff subsequently filed an amended complaint on September 6, 2013, which is the operative pleading in this case [ECF No.

---

[1] Plaintiff is currently incarcerated at the Federal Correctional Institution at Loretto, Pennsylvania.

38]. Named as Defendants are: C/O Wolf, a corrections officer at SCI-Albion ("Wolf"); White, captain of the security department at SCI-Albion ("White"); Raymond Sobina, former Superintendent at SCI-Albion ("Sobina"); Melinda L. Adams, Grievance Coordinator at SCI-Albion ("Adams"); John Wetzel, Secretary of the Pennsylvania Department of Corrections ("Wetzel"); Shirley Moore Smeal ("Smeal"); Dorina Varner, Chief Grievance Coordinator at SCI-Albion ("Varner"); Melissa Hilinski, acting mailroom supervisor at SCI-Albion ("Hilinski"); David A. Kuhn, Hearing Examiner at SCI-Albion ("Kuhn"); C. Meure, Lieutenant in the L-5 housing unit at SCI-Albion ("Meure"); Nancy Giroux, then Deputy Superintendent at SCI-Albion ("Giroux"); Lt. Johnson, L-5 corrections officer at SCI-Albion ("Johnson"); Rhoads (incorrectly identified by Plaintiff as "Rhodes"), Sergeant of transporting prisoners at SCI-Albion ("Rhoads"); and several unnamed Defendants identified as John/Jane Doe (mailroom supervisor), John/Jane Doe(s) (mailroom staff), John Doe(s) (L-5 officials & staff), John Does (transport officers), and John Doe (Lt. at the facility where Plaintiff was hog-tied).[2]

Plaintiff claims that Defendants have violated his rights under the first, eighth, and fourteenth amendments to the United States Constitution. In particular, Plaintiff alleges two incidents of excessive use of force. Plaintiff first claims that an incident occurred on March 19, 2010, when Defendant Wolf allegedly closed Plaintiff's hands in the food aperture of his cell door, after which he issued Plaintiff a false misconduct "to cover his actions." (ECF No. 38, Amended Complaint, at Section IV.C and p. 6, ¶¶ 8-11). The second incident occurred on April 12, 2010, when Defendant Rhoads allegedly slammed Plaintiff's face down on the floor of a

---

[2] The only Defendants who have been served in this case are Defendants Wolf, Sobina, Adams, Wetzel, Smeal, Varner, and Rhoads. None of the other Defendants have been served, nor are they represented by counsel in this matter.

transportation bus, hog-tied him and left him on the floor, and then drove recklessly with deliberate indifference to Plaintiff's health and safety. (ECF No. 38, Amended Complaint, at pp. 8-10, ¶¶ 24-35). Plaintiff alleges further that Rhoads then issued him a false misconduct for spitting on the transport bus. (Id. at p. 11, ¶¶ 39-40).

In addition to the foregoing incidents, Plaintiff claims that Defendant Kuhn acted as hearing examiner with regard to the misconduct issued by Defendant Rhoads and violated Plaintiff's due process rights by denying him witnesses, even though he apparently dismissed the misconduct without prejudice. (Id. at pp. 11-13, ¶¶ 41-45, 49-53). Plaintiff also claims that Defendants White, Adams, Sobina, Varner, Smeal, and Wetzel were aware of the alleged "custom and practice" of how complaints are handled in favor of staff, especially regarding assault claims, yet did nothing to correct the problem. (Id. at pp. 5-6, 12-14, ¶¶ 2-7, 46-48, 56-59). Finally, Plaintiff complains that, between October 2007 and May 2012, the mailroom staff mishandled and tampered with his mail, and that Defendants Adams, Sobina, Hilinski, Meure, Giroux, White, Johnson, Wetzel, Smeal, and Varner were all made aware of the mail problems but did nothing to correct them. (Id. at pp. 6-8, 10-11, 13-15, ¶¶ 12-23, 36-38, 56-66). As relief for his claims, Plaintiff seeks injunctive relief and monetary damages.

On September 18, 2013, Defendants Wolf, Sobina, Adams, Wetzel, Smeal, Varner, and Rhoads filed a motion to dismiss amended complaint [ECF No. 39], arguing that Plaintiff's excessive use of force claims against Defendants Wolf and Rhoads are barred by the applicable statute of limitations, and Plaintiff has failed to allege the personal involvement of Defendants Adams, Sobina, Varner, Smeal, and Wetzel. Plaintiff subsequently filed a brief in opposition to Defendants' motion. [ECF No. 58].

On May 22, 2014, this Court issued a Report and Recommendation ("R&R") recommending, *inter alia*, that Defendants' motion to dismiss be granted as to Plaintiff's claims against Defendants Wolf and Rhoads, because such claims are time-barred. [ECF No. 59]. In making this recommendation, the Court rejected Plaintiff's argument that the applicable statute of limitations should be considered tolled during the period of time he spent exhausting his administrative remedies with regard to his grievance against Defendant Wolf. (ECF No. 58 at p. 4). Plaintiff subsequently filed objections to this Court's R&R on August 25, 2014 [ECF No. 59], to which Defendants filed a response [ECF No. 77]. Plaintiff then filed a motion to respond to Defendants' response [ECF No. 78], which was granted by Order of District Judge McVerry, dated November 21, 2014 [ECF No. 79]. In the same Order, Judge McVerry directed the parties to advise the Court as to whether this case should be stayed pending the Third Circuit Court's decision in the case of Pearson v. Sec. Dept. of Corr., No. 13-1412 (filed Feb. 21, 2013), in which the Court was considering the issue of whether Pennsylvania's statute of limitations is tolled while a prisoner exhausts his administrative remedies under the PLRA. After Defendants filed a Notice agreeing to the stay, Judge McVerry entered an Order on November 26, 2014, staying this action pending the Third Circuit Court's disposition of the Pearson appeal. [ECF No. 81].

On January 7, 2015, Defendants filed a Notice with this Court advising that the Third Circuit has issued its opinion in Pearson, finding that the PLRA is a "statutory prohibition" that tolls the statute of limitations while a prisoner exhausts administrative remedies. [ECF No. 91]. This Court's previous R&R in this case is hereby revised accordingly.

### B. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead

'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit Court has prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. See Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969)("petition prepared by a prisoner... may be inartfully drawn and should be read 'with a measure of tolerance'"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997)(overruled on

other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

#### 1. Statute of Limitations

The federal civil rights laws do not contain a specific statute of limitations for § 1983 actions. However, it is well established that the federal courts must look to the relevant state statute of limitations for personal injury claims to determine the applicable limitations period. Sameric Corp. Del., Inc. v. City of Philadelphia, 142 F.3d 582 (3d Cir. 1998) (internal citations omitted). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two year personal injury statute of limitations set forth at 42 Pa.C.S.A. § 5524, in determining that a § 1983 claim must be filed no later than two years from the date the cause of action accrued. See Lake v. Arnold, 232 F.2d 360, 368 (3d Cir. 2000); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451 (3d Cir. 1996). Furthermore, a claim under § 1983 accrues when the plaintiff "knew or should have known of the injury upon which [his] claim is based." Sameric, 142 F.3d at 599.

Here, Plaintiff's original complaint was received by this Court on July 27, 2012; however, the complaint was apparently signed by Plaintiff on July 22, 2012. (See ECF No. 8, Complaint). Thus, for purposes of applying the statute of limitations, this Court will treat July 22, 2012, as the relevant filing date pursuant to the prison mailbox rule. See Commonwealth v. Castro, 766 A.2d 1283, 1287 (Pa.Super. 2001), citing Commonwealth v. Little, 716 A.2d 1287 (Pa.Super. 1998) (in determining the date upon which a prisoner's pleading is filed, Pennsylvania applies the

prison mailbox rule, which provides that the "date of delivery of [the pleading] by the [inmate] to the proper prison authority or to a prison mailbox is considered the date of filing of the [pleading]"). Accordingly, any claim concerning an injury of which Plaintiff "knew or should have known" prior to July 22, 2010, is barred by the statute of limitations.

It is plain from the allegations of Plaintiff's complaint that the alleged incidents of excessive use of force occurred on March 19, 2010, and April 12, 2010, and are, thus, beyond the reach of the statute of limitations. Nonetheless, Plaintiff has argued that the limitations period should be considered equitably tolled during the period of time he spent exhausting the administrative grievance process. (ECF No. 58 at p. 4). In light of the recent <u>Pearson</u> decision, Plaintiff's assertion is correct. The Court notes, however, that the grievance ultimately exhausted by Plaintiff pertained only to his claims against Defendant Wolf, not Defendant Rhoads. Thus, Plaintiff's claims against Defendant Rhoads remain untimely and should be dismissed.

As to Plaintiff's claims against Defendant Wolf, there is a dispute regarding the date on which Plaintiff should be deemed to have exhausted his administrative remedies. In its Notice regarding the <u>Pearson</u> decision, Defendants argue that Plaintiff's administrative remedies were exhausted, at the latest, on May 17, 2010, the date on which Plaintiff received the initial review response upholding his grievance. (ECF No. 91 at ¶ 2; ECF No. 40-1, at p. 4). However, there is ample precedent stating that a grievance is not properly exhausted until it is appealed through final review, even if further appeal may be considered futile, because there is no futility exception to the administrative exhaustion requirement. <u>See</u> <u>e.g.</u> <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001) (upholding Third Circuit Court finding that inmate was required to exhaust all administrative remedies available to him prior to filing action with federal court "even though the

Commonwealth of Pennsylvania's inmate grievance process could not provide [him] with the money damages he sought"); Williamson v. Wexford Health Sources, Inc., 131 Fed. Appx. 888 (3d Cir. 2005) (upholding dismissal of plaintiff's failure to exhaust administrative remedies despite plaintiff's contention that further administrative exhaustion would have been futile because he had received all of the relief he requested in his grievance).

Here, Plaintiff's grievance against Defendant Wolf was not fully exhausted until he received the final grievance review response on July 26, 2010. Because Plaintiff initiated the grievance process on the date of the alleged incident involving Defendant Wolf, the limitations period did not begin to run until the grievance was exhausted on July 26, 2010, less than two years prior to the filing of the instant lawsuit on July 22, 2012. As a result, Plaintiff's claim against Defendant Wolf is timely and Defendants' motion to dismiss such claim as untimely should be denied.

### 2. **Personal Involvement**

The remaining claims against the only other Defendants who have been served in this case, Defendants Adams, Sobina, Varner, Smeal and Wetzel, allege that each of said Defendants, in his or her supervisory capacity, was made aware of the prevailing "custom and practice" of how inmate assault claims are handled in favor of staff, and of the ongoing problem with the mishandling of his mail, yet none of them did anything to correct the problems.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise

or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988). If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official. Rode, 845 F.2d at 1208; Cooper v. Beard, 2006 WL 3208783 at * 14 (E.D.Pa. Nov. 2, 2006).

Here, there is no allegation that any of the supervisory Defendants was, in any way, directly responsible for the conduct at issue. Instead, Plaintiff merely alleges that he wrote letters and/or request slips to each Defendant regarding the problems he was experiencing, yet each failed to take action to rectify the problems. (ECF No. 38, Amended Complaint, at ¶¶ 6, 20, 36-38, 46, 56-57, 61-62). Such allegations are insufficient to impose liability upon any of these Defendants. Accordingly, Plaintiff's claims against Defendants Adams, Sobina, Varner, Smeal and Wetzel, should be dismissed.

### 3. Prison Litigation Reform Act

The Prison Litigation Reform Act provides that:

> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A. Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997) ("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are

required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. See 28 U.S.C. §1915(e)(2)[3]. Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language. See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."). In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'").

As noted earlier, the following Defendants were never served in this case, in contravention of this Court's orders, and none of them has had an attorney enter an appearance on his or her behalf: White, Hilinski, Johnson, Kuhn, Meure, Giroux, and unnamed Defendants

---

[3] Title 28 U.S.C. §1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

"John/Jane Doe (mailroom supervisor)," "John/Jane Doe(s) (mailroom staff)," John Doe(s) (L-5 officials & staff)," "John Does (transport officers)," and "John Doe (Lt. at the facility where Plaintiff was hog-tied)." As a result, these Defendants should be dismissed from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as they were not served within 120 days of the date(s) they were named as Defendants in this case.

### III.  CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss amended complaint filed on behalf of Defendants Wolf, Sobina, Adams, Wetzel, Smeal, Varner, and Rhoads [ECF No. 39] be denied as to Plaintiff's claim against Defendant Wolf, but granted in all other respects. It is further recommended that, pursuant to the authority granted by the Prison Litigation Reform Act ("PLRA"), Plaintiff's claims against all remaining Defendants be dismissed for Plaintiff's failure to prosecute. Accordingly, all Defendants other than Defendant Wolf should be terminated from this case, and the only claim remaining should be Plaintiff's excessive use of force claim against Defendant Wolf.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto.  Failure to file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir

2011).

                                                        /s/ Susan Paradise Baxter
                                                        SUSAN PARADISE BAXTER
                                                        United States Magistrate Judge

Dated: January 9, 2015

cc:      The Honorable Terrence F. McVerry
         United States District Judge