IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT HANKINS, | ) | |
|     Plaintiff, | ) | C.A. No. 12-168 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge McVerry |
| CO WOLF, et al., | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Plaintiff's motion for a temporary restraining order/preliminary restraining order/stay [ECF No. 124] be denied.

**II.    REPORT**

    **A.    Relevant Procedural and Factual History**

Plaintiff initiated this action on July 27, 2012, by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against multiple employees of the Pennsylvania Department of Corrections, most of whom are employed at the State Correctional Institution at Albion, Pennsylvania. All Defendants other than Defendant C/O Wolf have since been dismissed from this case. Plaintiff is now incarcerated at the State Correctional Institution at Huntingdon, Pennsylvania ("SCI-Huntingdon").

On September 3, 2015, Plaintiff filed a "motion for temporary restraining order/preliminary restraining order/stay" [ECF No. 124], in which Plaintiff complains of actions allegedly taken by officials at SCI-Huntingdon. In particular, Plaintiff claims that he has been

1

denied access to his legal property, which is allegedly needed to obtain names and declarations of witnesses. In addition, Plaintiff alleges that he has been denied access to a witness named "Sims," who is a fellow inmate to whom Plaintiff has written two letters. According to Plaintiff, Mr. Sims would be able to provide names of other witnesses, but has allegedly been denied the ability to do so, as evidenced by his failure to respond to either of Plaintiff's letters. As a result, Plaintiff requests an order granting him a face-to-face meeting or telephone conference with Mr. Sims, and granting him access to his legal property.

Defendant has filed a response to Plaintiff's motion [ECF No. 125], indicating that Plaintiff has already been allowed to contact Mr. Sims in writing, and that more direct contact with Mr. Sims would present an unwarranted security risk. Defendant further confirms that, on August 24, 2015, Plaintiff was given approval to have two extra boxes of legal material; however, Plaintiff was uncooperative. Plaintiff disputes Defendant's assertions, but offers nothing by way of support for his version of the events.

### B. Standard of Review

Preliminary or temporary injunctive relief is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993); see also Hoxworth v. Blinder, Robinson & Company. Inc., 903 F.2d 186, 189 (3d Cir. 1990). Where the requested preliminary injunction "is directed not merely at preserving the status quo but ... at providing mandatory relief, the burden on the moving party is particularly heavy." Punnett v. Carter, 621 F.2d 578, 582 (3d Cir.1980); see also Acierno v. New Castle County, 40 F.3d 645, 653 (3d Cir.1994). Indeed, "[m]andatory injunctions should

be used sparingly," and only when the status quo is one of action that will inflict irreparable injury on the movant. United States v. Price, 688 F.2d 204, 212 (3d Cir.1982). A preliminary injunction is "a drastic and extraordinary remedy that is not to be routinely granted." Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993).

The four factors that must be shown for the issuance of a preliminary injunction are: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the non-moving party; and 4) the public interest favors such relief." Bimbo Bakeries USA, Inc. v. Botticello, 613 F.3d102, 109 (3d Cir. 2010) quoting Miller v. Mitchell, 598 F. 3d 139, 147 (3d Cir. 2010). However, if the record does not at least support a finding of **both** irreparable injury and a likelihood of success on the merits, then preliminary injunctive relief cannot be granted. Marxe v. Jackson, 833 F.2d 1121 (3d Cir. 1987).

### C.    Discussion

Here, Plaintiff has failed to show either a likelihood of success on the merits, or irreparable harm. Plaintiff has acknowledged that he was given approval to contact Mr. Sims by letter, which he has done on two occasions. The fact that he has not received a response from Mr. Sims does not implicate any wrongdoing on the part of prison officials. It could very well indicate that Mr. Sims does not wish to respond, or has not yet taken the opportunity to do so. This Court is in no position to force Mr. Sims to respond, nor does this Court have the power to order the officials at SCI-Huntingdon to compromise prison security by allowing face-to-face or telephone contact between Plaintiff and Mr. Sims. If Plaintiff wishes to have Mr. Sims appear as

3

a witness on his behalf at the trial of this matter, he may do so by issuing a subpoena at the appropriate time. Furthermore, Plaintiff was given the opportunity to access his legal property, and was even granted the accommodation to obtain two extra boxes; yet, Plaintiff was uncooperative and returned to his cell without taking advantage of the accommodation. Thus, Plaintiff's inability to access his legal material to obtain the names and declarations of witnesses appears to be due to his own recalcitrance, rather than official misconduct. Thus, Plaintiff's motion for injunctive relief is without merit and should be denied.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Plaintiff's motion for a temporary restraining order/preliminary restraining order/stay [ECF No. 124] be denied.

In accordance with the Federal Magistrates Act, 28 U.S.C. ' 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  November 2, 2015

cc: The Honorable Terrence F. McVerry
United States District Judge