# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT HANKINS, | ) |
| Plaintiff, | ) 1:12-cv-00168 |
| v. | ) |
| C/O WOLF, | ) |
| Defendant. | ) |

## OMNIBUS PRETRIAL MOTIONS ORDER

Pending before the Court are several pretrial motions, which have been filed by Pro Se Plaintiff Robert Hankins (ECF Nos. 158, 164, 168) and by Defendant C/O Wolf (ECF Nos. 160, 161, 163). The parties have filed responses to the motions (ECF Nos. 162, 169, 170, 171).[1] Accordingly, the motions are ripe for disposition.

## I.  Background

On July 27, 2012, Plaintiff Robert Hankins, an inmate formerly incarcerated at the State Correctional Institution at Albion, Pennsylvania ("SCI-Albion"), commenced this civil rights action by filing a pro se complaint under 42 U.S.C. § 1983. Plaintiff thereafter filed an amended complaint on September 6, 2013, which is the operative pleading in this case. Named as Defendants were: C/O Wolf, a corrections officer at SCI-Albion ("Wolf"); White, captain of the security department at SCI-Albion ("White"); Raymond Sobina, former Superintendent at SCI-Albion ("Sobina"); Melinda L. Adams, Grievance Coordinator at SCI-Albion ("Adams"); John Wetzel, Secretary of the Pennsylvania Department of Corrections ("Wetzel"); Shirley Moore Smeal ("Smeal"); Dorina Varner, Chief Grievance Coordinator at SCI-Albion ("Varner"); Melissa Hilinski,

---

1. Although Plaintiff styles his most recent filings (ECF Nos. 169, 170, 171) as "motions," they are, in essence, responses to Defendant's motions in limine. To the extent that these filings could be construed as motions, they are DENIED for the reasons that follow.

acting mailroom supervisor at SCI-Albion ("Hilinski"); David A. Kuhn, Hearing Examiner at SCI-Albion ("Kuhn"); C. Meure, Lieutenant in the L-5 housing unit at SCI-Albion ("Meure"); Nancy Giroux, then Deputy Superintendent at SCI-Albion ("Giroux"); Lt. Johnson, L-5 corrections officer at SCI-Albion ("Johnson"); Rhoads (incorrectly identified by Plaintiff as "Rhodes"), Sergeant of transporting prisoners at SCI-Albion ("Rhoads"); and several unnamed Defendants identified as John/Jane Doe (mailroom supervisor), John/Jane Doe(s) (mailroom staff), John Doe(s) (L-5 officials & staff), John Does (transport officers), and John Doe (Lt. at the facility where Plaintiff was hog-tied). The gravamen of Plaintiff's Amended Complaint is that the then-Defendants violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution.

After several years of litigation, only an Eighth Amendment excessive force claim against Defendant Wolf remains. Plaintiff contends that, on March 19, 2010, Wolf intentionally slammed Plaintiff's hands in the secure food aperture of his cell door, causing him harm. Jury selection is scheduled to begin on Monday, July 18, 2016.

It is the practice of this member of the Court to resolve evidentiary issues in advance of trial so that the presentation to the jury can proceed in a focused, efficient and effective manner. As such, this Memorandum Order will endeavor to draw clear lines as to the evidence that may be presented at trial. The parties will be expected to adhere strictly to such rulings and to prepare their witnesses to do the same.

## II. Legal Standard

Only relevant evidence is admissible. Fed. R. Evid. 402. Evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401. The definition must be liberally construed in favor of admissibility. *See Gibson v. Mayor & Council of Wilmington*, 355 F.3d 215, 232 (3d Cir. 2004) (explaining that Rule 401 is "very broad" and "does not raise a high

2

standard"). At the same time, however, a district court may exclude otherwise relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. With that standard in mind, the Court now turns to the parties' pending motions.

### III. Discussion

#### A. Plaintiff's Motion to Strike / Objections to Pretrial Statement (ECF No. 158)

Plaintiff contends that Defendant intends to offer testimony about his past violent history toward staff. In doing so, Plaintiff objects to any testimony about the secure food aperture and the reason his cell included same.

For his part, Defendant represents that he does not intend to offer testimony or evidence about Plaintiff's criminal history, his disciplinary record in the Department of Corrections ("DOC"), or why he was placed in a cell with a secure food aperture (unless Plaintiff "opens the door" to that issue). Defendant nevertheless notes that he does intend to offer (1) testimony about how a secure food aperture works; and (2) some limited testimony regarding the Restricted Housing Unit ("RHU") where Plaintiff resided and where this incident occurred.

The Court deems this evidence relevant to the claim and defense. Defendant may present witness testimony regarding the purpose and/or design of a two-door aperture system, which is supposed to prevent inmates, in general, from grabbing staff or expelling items outward. Defendant may also present witness testimony regarding the (limited) frequency of his work in the RHU where this particular aperture system is employed.[2] None of this evidence

---

2. As Defendant represents, the RHU is not the same as general population units in the facility. It is instead a separate housing system for inmates who are being held in either disciplinary or administrative custody (for protection, pending a transfer, or for other non-disciplinary reasons). As such, these inmates remain in their cells for most of the day and receive meals in their cells.

3

impermissibly suggests that Defendant has a violent history or a disciplinary record. Accordingly, Plaintiff's motion to strike Defendant's Pretrial Statement is **DENIED**.

### B. Defendant's Motion in Limine as to DOC Policy and Discipline Issues (ECF No. 160)

Defendant moves to exclude any evidence regarding whether he violated any DOC policy or internal rules during the incident.[3] In response, Plaintiff baldly claims that Defendant authored a false misconduct report to cover-up his action(s) and justify his use of excessive force, which Plaintiff suggests is evidence of the underlying "assault" or, at the very least, is indicative of some pattern.

The Court agrees with Defendant that this evidence should be barred. "Simply put, the policies of the Department of Corrections and the Eighth Amendment are not the same, and as such, conclusions drawn by whatever body adjudicated Defendant[']s] culpability with regard to [his] involvement in the [ ] incident do little more than obscure the issues." *Delker v. Blaker*, No. CIV.A. 09-710, 2012 WL 726415, at *6 (W.D. Pa. Mar. 1, 2012). As such, any evidence regarding the subsequent internal DOC investigation is not relevant to the question of whether Defendant violated the constitutional rights of Plaintiff on March 19, 2010. The parties shall focus their evidence at trial on the events of that day. Accordingly, Defendant's motion in limine as to DOC policy and discipline issues is **GRANTED**.

### C. Defendant's Motion in Limine as to Plaintiff's Proposed Witnesses (ECF No. 161)

Defendant moves to exclude the testimony of Inmates Henry and Dantzler who Plaintiff identified as potential witnesses on a letter sent to counsel on April 14, 2016. Defendant further

---

3. Defendant notes that, following an internal investigation, DOC found that he mistakenly did not lock the outer door or lid on the secure food aperture before he unlocked the inner door, allowing Plaintiff to punch his hands outward. Although Defendant initially received a written reprimand for not following internal procedures, it was later withdrawn and reduced to a counseling session.

requests that the Court order another potential witness, Inmate Sims, to testify at trial via videoconference.[4] Defendant also objects, on relevancy grounds, to any testimony that Plaintiff intends to elicit from Major White, James Barnacle, Lt. Vincent, Superintendent Sobina, and Ms. Varner.

Plaintiff opposes the motion. He contends that Henry and Dantzler possess "vital information as to the dail[y] operation of [the] RHU" and are "expert witness[es] as to RHU life." Plaintiff next asserts that live testimony is necessary so that the jury may assess the credibility of Sims in-person and, in doing so, suggests that prisoner movement is not burdensome to the DOC. Finally, Plaintiff disputes the relevancy arguments of Defendant regarding White, Barnacle, Vincent, Sobina, and Varner.

The Court will exclude the testimony of Henry and Dantzler. Henry and Dantzler were not housed at SCI-Albion on March 19, 2010 when this incident occurred, and therefore, they could not possess any personal knowledge of the incident or what happened that day.[5] And to the extent that Plaintiff wishes to deem them "experts," he has not complied with the Federal Rules of Civil Procedure regarding the pretrial disclosure of same. Accordingly, this aspect of Defendant's motion in limine is **GRANTED**.

The Court will also exercise its discretion under Federal Rule of Civil Procedure 43 and require Sims to appear at trial via videoconference – a practice that this Court has employed in the past. *See Harris v. Barone*, No. 1:11-256, 2013 WL 6118683, at *5 (W.D. Pa. Nov. 21, 2013). Defendant represents and this Court agrees that video testimony would save the Commonwealth substantial expense as well as the extra manpower needed to transport Sims to

---

4. On March 19, 2010, Sims was housed in a cell across from Plaintiff in the same RHU pod, with a stairway in between them.

5. Henry was at SCI-Smithfield and did not arrive at SCI-Albion until September 28, 2010; Dantzler was at SCI-Pittsburgh and was never housed at SCI-Albion.

5

and house him in the Western District of Pennsylvania. *See Thornton v. Snyder*, 428 F.3d 690, 698 (7th Cir. 2005) (holding that district court did not abuse its discretion in conducting trial by video conference where inmate-witnesses were "scattered all over the state"). And in light of Sims' anticipated limited testimony, the Court further finds that video testimony would not prejudice Plaintiff. Accordingly, this aspect of Defendant's motion in limine is **GRANTED**.

The Court will also exclude White, Barnacle, and Vincent – all of whom were involved in the investigation – from testifying about the DOC's findings and conclusions that led to Defendant receiving a reprimand, which was later reduced to counseling. These three individuals did not personally witness the incident and were only involved in the post-hoc investigation (Vincent) or in the review of the investigative report (White and Barnacle). As such, their testimony would largely consist of inadmissible hearsay. Their testimony would also focus on the DOC policies and the disciplinary issues that the Court has ruled inadmissible, as set forth above. And none of these witnesses are necessary to identify or verify factual information or relevant witness accounts from the investigative report, which contains statements from Plaintiff, Boyd, and a nurse. After all, Defendant does not dispute the authenticity of those statements. Accordingly, this aspect of Defendant's motion in limine is **GRANTED**.

As for (retired) Superintendent Sobina and Ms. Varner, Defendant represents that these individuals were only involved in connection with Plaintiff's grievance appeal. The Court has no reason to doubt that representation, which has not been objected to by Plaintiff. Accordingly, this aspect of Defendant's motion in limine is **GRANTED**.

**D. Defendant's Motion in Limine as to New Retaliation Claim (ECF No. 163)**

Defendant moves to exclude any evidence regarding the purported retaliation claim to which Plaintiff refers in his Pretrial Statement.[6] Plaintiff has not responded to this motion.

The Court has never interpreted Plaintiff's pleadings as setting forth a viable retaliation claim against Defendant Wolf – despite a conclusory reference to same in his Amended Complaint.[7] As Judge Baxter explained in her Revised Report and Recommendation that this Court adopted: "all Defendants other than Defendant Wolf should be terminated from this case, **and the only claim remaining should be Plaintiff's excessive use of force claim against Defendant Wolf**." ECF No. 92 at 12. Furthermore, Plaintiff's DOC grievance (ECF No. 160-2) only accused Wolf of assault and failed to include this retaliation claim, which amounts to a procedural default, as this Court has previously observed. *See Wright v. State Corr. Inst. at Greene*, No. CIV.A. 06-865, 2009 WL 2581665, at *6 (W.D. Pa. Aug. 20, 2009) ("Retaliation is a separate claim, however, and prisoners must raise a specific claim of retaliation in their prison grievance in order to exhaust administrative remedies.") (citing *Hoffenberg v. Provost*, 154 Fed. App'x. 307, 311 (3d Cir. 2005)). Accordingly, Defendant's motion in limine to a new retaliation claim is **GRANTED**.

**E. Plaintiff's Motion in Limine / Objection (ECF No. 168) & Motion for Clarification (ECF No. 164)**

Plaintiff initially moved to exclude Defendant's Exhibit D-19, a video of the HA-2 cell door and a reenactment of the March 19, 2010 incident. The same day, Plaintiff moved to withdraw his objection to Exhibit D-19 and now requests that it be listed in the Joint Exhibit List.

---

6. For instance, Plaintiff submits that "Defendant Wolf's actions were to silence Plaintiff's complaint in violation of his First Amendment rights under the U.S. Constitution." ECF No. 153 at 1.

7. Plaintiff's Amended Complaint includes a cursory reference to the First Amendment and states, in relevant part, as follows: "On Mar. 19, 2010, Plaintiff was assaulted by C/OI Wolf which was unprovoked, and retaliatory due to Plaintiff requesting to speak to a Lt. to report the unsanitary actions of C/OI Wolf while serving meals." ECF No. 38 at 4.

Defendant has not responded to this motion. Without objection, Plaintiff's motion for clarification is **GRANTED**, and the Court will consider his objection **WITHDRAWN**.

Plaintiff also objects to Exhibits D-14 and D-15 – a picture of two hands extended through the opened interior slide door and a picture of an arm pushing open the outer door – which he calls "questionable at best." Plaintiff submits that he has not seen these photographs and thus reserves his right to object to same at trial if he deems them prejudicial. Based on his representation(s), Plaintiff's motion in limine is **DENIED WITHOUT PREJUDICE** to be renewed at trial if he so chooses.

### IV. Conclusion

A jury trial will commence in this action on Monday, July 18, 2016 in accordance with the foregoing evidentiary rulings.

**SO ORDERED**, this 2nd day of June, 2016.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **ROBERT HANKINS**
DT-3209
SCI CAMP HILL
P.O. BOX 200
CAMP HILL, PA 17001
(via First Class Mail)

**Mary Lynch Friedline, Esquire**
Email: mfriedline@attorneygeneral.gov
(via CM/ECF)