IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ROBERT HANKINS, | ) |
|---|---|
| Plaintiff, | ) 1:12-cv-00168 |
| v. | ) |
| C/O WOLF, | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Pending before the Court is a MOTION FOR RECONSIDERATION / OBJECTION AND BRIEF IN SUPPORT (ECF No. 175) filed by Pro Se Plaintiff Robert Hankins. Defendant C/O Wolf has filed a response in opposition. Accordingly, the motion is ripe for disposition.

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex-rel Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). It is well-established that a party must overcome a high hurdle to succeed in such a motion. A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates: (1) a change in the controlling law; (2) a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id.* Motions for reconsideration are not intended to provide a "second bite at the apple" or to provide a mechanism for losing parties to ask the Court to rethink its decision.

Plaintiff fails to meet the standard for reconsideration: he does not cite a change in the controlling law—let alone cite any case in support of his position; he does not demonstrate a

clear error of law or fact that is of any consequence;[1] and he does not show the availability of any new evidence not previously available. Plaintiffs' motion instead serves as a sort of rebuttal to this Court's earlier Omnibus Pretrial Motion Order, which is not the purpose of reconsideration. As such, Plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED**, this 23rd day of June, 2016.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc: **ROBERT HANKINS**
DT-3209
SCI CAMP HILL
P.O. BOX 200
CAMP HILL, PA 17001
PRO SE

**Mary Lynch Friedline, Esquire**
Email: mfriedline@attorneygeneral.gov

---

1. To her credit, counsel for Defendant candidly corrected a prior factual error, which Plaintiff highlighted in his motion. But even with that correction, the Court's conclusion regarding Dantzler does not change because he was "not housed at SCI-Albion on March 19, 2010 when this incident occurred, and therefore, [he] could not possess any personal knowledge of the incident or what happened that day." *Hankins v. Wolf*, No. 1:12-CV-00168, 2016 WL 3087677, at *3 (W.D. Pa. June 2, 2016)